**EXHIBIT 1**

DEC 1 3 2021

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

| | |
|---|---|
| Benzion Wolkenfeld, Individually and on behalf of others similiarly situated,<br><br>      Plaintiff,<br><br>       v.<br><br>Financial Recovery Services, Inc.,<br><br>      Defendant. | Index No.:<br>Date Purchased:<br><br>**SUMMONS**<br><br>**Basis of Venue:**<br><br>**CPLR §509:** Venue designated by Plaintiff.<br><br>**CPLR §503(a):** Plaintiff's principal place of business and residence |

**TO THE ABOVE-NAMED DEFENDANT(S):**

   **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the compliant is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
    December 7, 2021

            Yours, etc.,

**TO:**
Financial Recovery Services, Inc.
4510 W 77th Street, Suite 200
Edina, MN 55435

**SANDERS LAW GROUP**

By: */s Kara S. McCabe*
Kara S. McCabe, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email:kmccabe@sanderslaw.group
Tel: 516-203-7600 ext. 3233
Fax: 516-282-7878
File No.: 123274
*Attorneys for Plaintiff*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
-------------------------------------------------------------------x
Benzion Wolkenfeld, Individually and on behalf of
others similiarly situated

Plaintiff/Petitioner,

- against -

Financial Recovery Services, Inc.,

Index No.531343/2021

Defendant/Respondent.

-------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

### You have received this Notice because:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **<u>If you are represented by an attorney</u>:**
Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **<u>If you are not represented by an attorney</u>:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

### To register for e-filing or for more information about how e-filing works:

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:  November 16, 2021
_____

Kara McCabe

        Name

  Sanders Law Group

        Firm Name


100 Garden City Plaza

        Address

Garden City New York 11530


5162037600

        Phone

kmccabe@sanderslaw.group
_____
        E-Mail


To:   Financial Recovery Services, Inc.
_____

      4510 W 77th Street, Suite 200
_____

      Edina, MN 55435
_____


6/6/18

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

Benzion Wolkenfeld, Individually and on behalf of
others similiarly situated,

          Plaintiff,

          v.

Financial Recovery Services, Inc.,

          Defendant.

**CLASS ACTION COMPLAINT**

Index No:

Benzion Wolkenfeld, individually and on behalf of others similiarly situated, ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Financial Recovery Services, Inc. ("*Defendant*"), as follows:

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2.      Plaintiff Benzion Wolkenfeld is an adult who is a citizen of the State of New York residing in Kings County, New York.

3.      Plaintiff is a natural person allegedly obligated to pay a debt.

4.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Upon information and belief, Defendant Financial Recovery Services, Inc., is a Minnesota Corporation with a principal place of business in Hennepin County, Minnesota.

6.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7.      Pursuant to CPLR §§ 301 and 302, this Court has jurisdiction over the action in that Defendant conducts business in the State of New York, and has purposely availed itself of the privivlege of conducting business in the State of New York.

8.      Venue is appropriate in Kings County pursuant to Section 503(a) of the New York

Civil Practice Law and Rules since Plaintiff resides within such County.

9.      At all relevant times, Defendant conducted business within the State of New York.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

10.     Congress enacted the FDCPA in 1977 upon finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." And that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

11.     At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

12.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by third-party debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996).*

13.     The FDCPA prohibits deceptive practices by debt collectors. *Llewellyn v. Asset Acceptance, LLC,* 669 Fed. App'x 66, 67 (2d Cir. 2016).

14.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.,* 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 63 (2d Cir. 1993).

15.     A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

16.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

17.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed

by consumers.

18.     The principal purpose of Defendant's business is the collection of such debts.

19.     Defendant uses the mails in its debt collection business.

20.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21.     Defendant alleges Plaintiff owes a debt (the "alleged Debt").

22.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.     The alleged Debt does not arise from any business enterprise of Plaintiff.

24.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

26.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff in writing, including by letter dated January 19, 2021. (the "January Letter") (A true and accurate copy of the January Letter is annexed hereto as "*Exhibit 1*").

28.     In furtherance of its efforts to collect the alleged Debt, Defendant contacted Plaintiff again by letter dated Febuary 8, 2021. (the "Febuary Letter") (A true and accurate copy of the February Letter is annexed hereto as "*Exhibit 2*").  *The January Letter and February Letter maybe hereinafter referred to collectively as the "Letters."*

29.     The Letters conveyed information regarding the alleged Debt.

30.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

31.     The Letters were received and read by Plaintiff.

## **FIRST COUNT**

32.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

35.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

36.     As of the date Defendant sent the Letters, the Debt was time-barred debt, i.e., it fell outside the applicable statute of limitations period for the prosecution of a collection action of the underlying debt.

37.     As of the date Plaintiff received the Letters, the Debt was time-barred debt, i.e., it fell outside the applicable statute of limitations period for the prosecution of a collection action of the underlying debt.

38.     The Letters state that the date of the last payment received on account of the alleged Debt was April 21, 2017.

39.     Upon information and belief, the named creditor is a Delaware Corporation.

40.     Upon information and belief, the named creditor's rights and remedies arise, if at all, under the laws of the State of Delaware, where the applicable Statute of Limitations for consumer credit transactions is three (3) years.

41.     The date of Plaintiff's last payment was more than three (3) years ago.

42.     Insofar as the date of Plaintiff's last payment pre-dated the Letters by more than three (3) years, the alleged Debt was time-barred under the applicable statute of limitations as of the date the Letters were sent.

43.     Insofar as the date of Plaintiff's last payment pre-dated the Letters by more than three (3) years, the alleged Debt was time-barred under the applicable statute of limitations as of the date the Letters were received.

44.     23 N.Y.C.R.R. § 1.3 requires debt collectors to notify consumers that 1) the debt collector believes that the statute of limitations applicable to the debt may be expired; 2) suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; 3) if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired; 4) the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations; and 5) if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

45.     Upon information and belief, all actions by Defendant as defined in this Complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

46.     Notwithstanding the expiration of the statute of limitations to sue to recover the alleged Debt prior to the time Defendant sent Plaintiff the Letters, the Letters fail to provide any indication to Plaintiff that no legal action could be undertaken to attempt to recover the alleged Debt.

47.     Notwithstanding the expiration of the statute of limitations to sue to recover the alleged Debt prior to the time Defendant sent Plaintiff the Letters, the Letters fail to inform Plaintiff that any partial payment by Plaintiff may result in the revival of Plaintiff's otherwise time-barred Debt.

48.     Notwithstanding the expiration of the statute of limitations to sue to recover the alleged Debt prior to the time Defendant sent Plaintiff the Letters, the Letters fail to provide the notifications required by 23 N.Y.C.R.R. § 1.3.

49.     As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications have to be true, accurate and complete, especially when an alleged debt is time-barred debt.

50.     The Letters failed to include language that the Statue of Limitations has expired.

51.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692d and 1692f on the Website by attempting to collect the alleged Debt without providing a disclosure of information to Plaintiff regarding: (i) the time-barred status of the Debt; (ii) that it cannot file a collection lawsuit; and (iii) the potential legal consequences of making a payment or merely acknowledging the validity of the alleged Debt.

52.     Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending letters, such as the collection Letters, which attempted to settle time-barred debts without disclosure of that fact and the legal consequences thereof.

53.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

54.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

55.     As a result of the omissions set forth above, the Letters would mislead the least

sophisticated consumer to believe that the alleged Debt is legally enforceable when, in fact, it is not; and therefore, Defendant violated 15 U.S.C. § 1692e(2)(A).

56.    As a result of the omissions set forth above, the Letters would mislead the least sophisticated consumer to believe that making a partial payment would not revive the otherwise time-barred Debt; and therefore, Defendant violated 15 U.S.C. § 1692e.

57.    For the foregoing reasons, Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending the Letters which attempted to coerce the repayment of a time-barred debt without disclosure of that fact and the legal consequences thereof.

## SECOND COUNT

58.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

59.    As of the date of the January Letter, the alleged Debt was time-barred debt, i.e., it fell outside the applicable statute of limitations period for the prosecution of a collection action in New York.

60.    The date of the last payment was April 21, 2017.

61.    23 N.Y.C.R.R. § 1.3 requires debt collectors to notify consumers that 1) the debt collector believes that the statute of limitations applicable to the debt may be expired; 2) suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; 3) if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired; 4) the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations; and 5) if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

62.    Notwithstanding the expiration of the statute of limitations to sue to recover the Debt prior to the time Defendant sent Plaintiff the January Letter, the Letter failed to provide the requisite notice that no legal action could be undertaken to attempt to recover the alleged Debt.

63.    Notwithstanding that the statute of limitations to sue to recover the alleged Debt

expired prior to the time Defendant sent Plaintiff the January Letter, the Letter failed to inform Plaintiff that any partial payment by Plaintiff may result in the revival of Plaintiff's otherwise time-barred Debt.

64.    Notwithstanding that the statute of limitations to sue to recover the alleged Debt expired prior to the time Defendant sent Plaintiff the January Letter, the Letter failed to inform Plaintiff that any partial payment by Plaintiff may result in the statute of limitations being reset and/or restarted.

65.    Notwithstanding the expiration of the statute of limitations to sue to recover the Debts prior to the time Defendant sent Plaintiff the January Letter, the Letter failed to provide the notifications required by 23 N.Y.C.R.R. § 1.3.

66.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

67.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

68.    As a result of the omissions set forth above, the January Letter would mislead the least sophisticated consumer to believe that the time-barred Debt is legally enforceable; and therefore, Defendant violated 15 U.S.C. § 1692e(2)(A).

69.    As a result of the omissions set forth above, the January Letter would mislead the least sophisticated consumer to believe that making a partial payment would not revive the otherwise time-barred Debt; and therefore, Defendant violated 15 U.S.C. § 1692e.

70.    For the foregoing reasons, Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending the January Letter which attempted to settle time-barred debts without disclosure of that fact and the legal consequences thereof.

## **THIRD COUNT**

71.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

72.    As of the date of the February Letter, the alleged Debt was time-barred debt, i.e., it fell outside the applicable statute of limitations period for the prosecution of a collection action in New York.

73.     The date of the last payment was April 21, 2017.

74.     23 N.Y.C.R.R. § 1.3 requires debt collectors to notify consumers that 1) the debt collector believes that the statute of limitations applicable to the debt may be expired; 2) suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; 3) if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired; 4) the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations; and 5) if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

75.     Notwithstanding the expiration of the statute of limitations to sue to recover the Debt prior to the time Defendant sent Plaintiff the February Letter, the Letter failed to provide the requisite notice that no legal action could be undertaken to attempt to recover the alleged Debt.

76.     Notwithstanding that the statute of limitations to sue to recover the alleged Debt expired prior to the time Defendant sent Plaintiff the February Letter, the Letter failed to inform Plaintiff that any partial payment by Plaintiff may result in the revival of Plaintiff's otherwise time-barred Debt.

77.     Notwithstanding that the statute of limitations to sue to recover the alleged Debt expired prior to the time Defendant sent Plaintiff the February Letter, the Letter failed to inform Plaintiff that any partial payment by Plaintiff may result in the statute of limitations being reset and/or restarted.

78.     Notwithstanding the expiration of the statute of limitations to sue to recover the Debts prior to the time Defendant sent Plaintiff the February Letter, the Letter failed to provide the notifications required by 23 N.Y.C.R.R. § 1.3.

79.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

80.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

81.     As a result of the omissions set forth above, the February Letter would mislead the least sophisticated consumer to believe that the time-barred Debt is legally enforceable; and

therefore, Defendant violated 15 U.S.C. § 1692e(2)(A).

82.     As a result of the omissions set forth above, the February Letter would mislead the least sophisticated consumer to believe that making a partial payment would not revive the otherwise time-barred Debt; and therefore, Defendant violated 15 U.S.C. § 1692e.

83.     For the foregoing reasons, Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending the January Letter which attempted to settle time-barred debts without disclosure of that fact and the legal consequences thereof.

## FOURTH COUNT

84.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

85.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

86.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

87.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

88.     The Letters seek to entice Plaintiff into making a payment on the alleged Debt by offering him a "Resolution Reduction Offer."

89.     The January Letter seeks to entice Plaintiff into making a payment on the alleged Debt by stating ******"Payments are an option******."

90.     The Letters would reasonably mislead the least sophisticated consumer to believe that the alleged Debt is legally enforceable when, in fact, it is not; and therefore, Defendant violated 15 U.S.C. § 1692e(2)(A).

91.     The Letters in seeking to collect on a debt which Defendant knows or reasonable should know, the legal inability of Defendant to collect on same, is a deceptive means used in connection with an attempt to collect any debt.

92.     The Letters are materially misleading as to the legal status of the alleged Debt.

93.     The Letters are deceptive by stating the alleged Debt is owed.

94.     The Letters misrepresent the legal status and/or character of the alleged Debt.

95.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A)

and 1692e(10) and is liable to Plaintiff therefor.

## FIFTH COUNT

96.      Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

97.      The Letter was prepared and sent by a letter vendor ("Third-Party Letter Vendor") which violates the statute because the FDCPA limits the individuals and entities with which a debt collector may share information. *See* 15 U.S.C. § 1692c(b) ("[A] debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.")

98.      Defendant electronically transmitted certain information about Plaintiff, including, among other things: (1) his name, (2) his status as a debtor, (3) the amount of the alleged Debt, (4) that the debt concerned an alleged monetary obligation, and (5) other personally identification sources of information.

99.      Plaintiff never gave Defendant consent to communicate with any third-party in connection with the collection of the Debt including Third-Party Letter Vendor.

100.     Plaintiff never gave Defendant to communicate with Third-Party Letter Vendor in connection with the collection of the Debt in violation of his reasonably expected privacy interest.

101.      Under the FDCPA "invasions of individual privacy" is identified as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a). The statutory provision under which Plaintiff has sued here expressly prohibits a debt collector from "communicat[ing]" with any but a few persons or entities "in connection with the collection of any debt." *Id.* § 1692c(b).

102.     Plaintiff has a right of privacy in the confidentiality of his financial records.

103.     Plaintiff has a legally cognizable interest in the unauthorized disclosure of his confidential and private financial information.

104.     Defendant's conduct invaded the privacy protections afforded to Plaintiff through the FDCPA.

105.     Plaintiff never gave Defendant consent to communicate with any third-party in connection with the collection of the alleged Debt.

106.     Defendant's conduct invaded the privacy protections afforded to Plaintiff through the FDCPA.

107.    Defendant disclosed information about Plaintiff's alleged debt to a third-party in violation of the FDCPA.

108.    15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

109.    Defendant violated 15 U.S.C. 1692c(b) with regards to Plaintiff by communicating in connection with the collection of a debt with persons other than Plaintiff without Plaintiff's consent.

110.    Plaintiff was caused significant embarrassment and humiliation as a result of the Defendant's conduct.

111.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(a)(1) and 1692c(b) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

112.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

113.    Plaintiff seeks to certify a class of:

> All consumers who have an address the State of New York, to whom Defendant sent a collection letter attempting to collect a consumer debt owed to Barclays Bank Delaware which had been in default for more than three (3) years prior to the date of the letter and which letter failed to disclose or otherwise advise the consumer that the Statute of Limitations on the debt had expired sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

114.    This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

115.    The Class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

116.    Plaintiff's claims are typical of the claims of the Class.

117.    Common questions of law or fact raised by this action affect all members of the

11

Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

118.    The claims or defenses of the representative party are typical of the claims or defenses of the class.

119.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

120.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

121.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection law

122.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

## **JURY DEMAND**

123.    Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

   a.   Certifying this action as a class action; and

   b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

   c.   Finding Defendant's actions violate the FDCPA; and

   d.   Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

  e. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

  f. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

Dated: December 7, 2021
    Garden City, New York

        By: */s Kara S. McCabe*   
        Kara S. McCabe, Esq.
        Jonathan M. Cader, Esq.
        Craig B. Sanders, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Email: KMcCabe@sanderslaw.group
        Tel: (516) 203-7600 Ext. 3233
        Fax: (516) 282-7878
        *Attorneys for Plaintiff*
        Our File No.: 123274

14 of 14

FILED: KINGS COUNTY CLERK 12/06/2021 11:56 AM

NYSCEF DOC. NO. 2

DEPT 813    2786528621015
PO BOX 4115
CONCORD CA  94524

**FINANCIAL RECOVERY SERVICES, INC.**

P.O. Box 385908
Minneapolis, MN  55438-5908
1-844-563-9277

Current Creditor: BARCLAYS BANK DELAWARE
Original Creditor: BARCLAYCARD
Regarding: MILES AND MORE MC
Account Number: XXXXXXXXXXXX6987
Date Of Last Payment: 04/21/2017
Charge-Off Date: 11/29/2017

Total Balance Due: $15937.97
FRS File Number: ▮T626
On-line PIN Number: ▮2542
(Used to access and view your file on  WWW.FIN-REC.COM)

RETURN SERVICE REQUESTED

January 19, 2021

BENZION WOLKENFELD
1250 45TH ST APT 1
BROOKLYN NY 11219-2264

***\*\*\*Payments are an option\*\*\*\****

As you have not resolved this account, we are extending to you another option.

In an effort to allow you more time to get your finances in order, we will agree to accept $25.00 per month for the next three months.

At the end of the three months the arrangement will be reviewed and hopefully you will be able to pay the remaining balance in full.

To make a payment, please call us at the toll-free number listed below or utilize our on-line web payment solution at www.fin-rec.com using the on-line PIN number and FRS file number referenced above.

If you are sending your payment by overnight delivery, please use the following address: 4510 W. 77th St., Suite 200, Edina, MN 55435.

Sincerely,

AMBER KOSKI
Account Manager
Toll Free: 1-844-563-9277

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.
This communication is from a debt collector.
**See reverse side for important information.**
Office hours are: Monday-Thursday, 7am to 8pm CT; Friday 7am to 5pm CT; Saturday 7am to noon CT

---

***Detach and return this portion of this notice with your payment***

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
|---|---|---|
| FRS File #: ▮T626 | FRS File #: ▮T626 | FRS File #: ▮T626 |
| 1-844-563-9277 | 1-844-563-9277 | 1-844-563-9277 |
| Balance due as of January 19, 2021: $15937.97 | Balance due as of January 19, 2021: $15937.97 | Balance due as of January 19, 2021: $15937.97 |
| Amount enclosed:_____ | Amount enclosed:_____ | Amount enclosed:_____ |
| Home phone:_____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc. | Financial Recovery Services, Inc. | Financial Recovery Services, Inc. |
| P.O. Box 385908 | P.O. Box 385908 | P.O. Box 385908 |
| Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 |
| Letter Code Sent: 027 | Letter Code Sent: 027 | Letter Code Sent: 027 |

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

## ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1015506.

To better serve you, please advise us if you have any language preference other than English. At this time, we have the following language access services available to you upon request: (1) Spanish speaking representatives, and, (2) translation of the initial written communication into Spanish. In addition, a translation and description of commonly-used debt collection terms is available in multiple languages on New York City's Department of Consumer Affairs' website at www.nyc.gov/dca.

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: i) the use or threat of violence; ii) the use of obscene or profane language; and iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

## NOTICE TO ALL CONSUMERS

Our staff is trained to conduct themselves in a businesslike and professional manner, and to leave you with a positive experience in dealing with our Company. If you have a complaint, criticism, suggestion, or compliment about the way we are collecting this debt, please write to us at P.O. Box 385908, Minneapolis, MN 55438-5908, email us at compliance@fin-rec.com, submit on-line at www.fin-rec.com, or call us toll-free at (866) 438-2860 between 9am and 5pm CT Monday-Friday.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

DEPT 813    4811942821021
PO BOX 4115
CONCORD CA 94524

**FINANCIAL RECOVERY SERVICES, INC.**
**P.O. Box 385908**
**Minneapolis, MN 55438-5908**
**1-844-563-9277**

RETURN SERVICE REQUESTED

February 8, 2021

BENZION WOLKENFELD
1250 45TH ST APT 1
BROOKLYN NY 11219-2264

CURRENT CREDITOR: BARCLAYS BANK DELAWARE
ORIGINAL CREDITOR: BARCLAYCARD
REGARDING: MILES AND MORE MC
ACCOUNT NUMBER: XXXXXXXXXXXX6987
DATE OF LAST PAYMENT: 04/21/2017
CHARGE-OFF DATE: 11/29/2017

TOTAL BALANCE DUE: 15937.97
FRS FILE NUMBER: ▓▓T626
ON-LINE PIN NUMBER: ▓▓2542
(Used to access and view your file on WWW.FIN-REC.COM)

******Resolution Reduction Offer******

We can HELP you get this account resolved. Please contact our office and our representatives will HELP you setup payments or HELP you resolve for less than you owe. If you can get the money now you can get it resolved for less than what you currently owe. We are willing to listen to any reasonable offers you may wish to make but you need to call us soon.

OPTION 1: Pay the Balance Today.

OPTION 2: Resolve it for less than the total balance due. Make us a reasonable offer to resolve for less.****

OPTION 3: Setup Monthly payments as LOW as $25.00****

Our representatives are available to HELP you now.

FRS is not a law firm and FRS will not initiate any legal proceedings or provide you with legal advice. Any offers of resolution that are provided to you are merely offers to resolve your account for less than the balance due. Resolution of your account for less than the full balance may have tax consequences.

To make a payment, please call us at the toll-free number listed below or utilize our on-line web payment solution at www.fin-rec.com using the on-line PIN number and FRS file number referenced above.

If you are sending your payment by overnight delivery, please use the following address: 4510 W. 77th St, Suite 200, Edina, MN 55435.

Sincerely,

AMBER KOSKI
Account Manager
Toll Free: 1-844-563-9277

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

**See reverse side for important information.**

Office hours are: Monday-Thursday, 7am to 8pm CT; Friday 7am to 5pm CT; Saturday 7am to noon CT.

---

*Detach Coupon And Mail Payment*

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
|---|---|---|
| FRS File #: ▓▓T626 | FRS File #: ▓▓T626 | FRS File #: ▓▓T626 |
| 1-844-563-9277 | 1-844-563-9277 | 1-844-563-9277 |
| Balance due as of February 8, 2021: $15937.97 | Balance due as of February 8, 2021: $15937.97 | Balance due as of February 8, 2021: $15937.97 |
| Amount enclosed:_____ | Amount enclosed:_____ | Amount enclosed:_____ |
| Home phone:_____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc. | Financial Recovery Services, Inc. | Financial Recovery Services, Inc. |
| P.O. Box 385908 | P.O. Box 385908 | P.O. Box 385908 |
| Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 |
| Letter Code Sent: 0B9 | Letter Code Sent: 0B9 | Letter Code Sent: 0B9 |

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

## ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1015506.

To better serve you, please advise us if you have any language preference other than English. At this time, we have the following language access services available to you upon request: (1) Spanish speaking representatives, and, (2) translation of the initial written communication into Spanish. In addition, a translation and description of commonly-used debt collection terms is available in multiple languages on New York City's Department of Consumer Affairs' website at www.nyc.gov/dca.

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: i) the use or threat of violence; ii) the use of obscene or profane language; and iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

## NOTICE TO ALL CONSUMERS

Our staff is trained to conduct themselves in a businesslike and professional manner, and to leave you with a positive experience in dealing with our Company. If you have a complaint, criticism, suggestion, or compliment about the way we are collecting this debt, please write to us at P.O. Box 385908, Minneapolis, MN 55438-5908, email us at compliance@fin-rec.com, submit on-line at www.fin-rec.com, or call us toll-free at (866) 438-2860 between 9am and 5pm CT Monday-Friday.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.